UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
CHARLOTTE, NC

AUG 17 2010

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

DOCKET NO. 3:07CR157

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br><br>v.<br><br>(1) KENT OSERUMEN OKOJIE,<br>　　　　　Defendant. | ) ) ) ) ) ) ) ) ) |

**CONSENT ORDER AND JUDGMENT OF FORFEITURE AND FOR RETURN OF PROPERTY TO JURISDICTION**

BASED UPON the Defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the Defendant has pled guilty, and that the Defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c):

   **Funds in the amount of $476,614.00 (United States currency) currently held by the United States Marshals Service as the result of wires, by order of Kent Okojie or an individual acting on his behalf, from a Nigerian account held for the benefit of Kent Okojie to the United States Marshals Service;**

   **Any and all currency and monetary instruments that are proceeds of the crimes alleged in the Bill of Indictment, including the sum of approximately $13,109,877.50, such sum representing an initial money judgment amount of $13,586,491.50, less a total of $476,614.00 in specific funds that Defendant has agreed to forfeit as set forth herein.**

2. The United States Marshals Service and/or other property custodian for the investigative agency is authorized to take and maintain custody of all specific property identified herein.

3. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the specifically identified forfeited property, and, as required by law, shall publish notice of the forfeiture.

4. Any person, other than the Defendant, asserting any legal interest in the specifically identified property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of the alleged interest.

5. Following the Court's disposition of all timely petitions filed for specifically identified property, a Final Order of Forfeiture shall be entered as to the specifically identified property. If no third party files a timely petition, this Order shall become the Final Order and Judgment of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the specifically identified property. Then, the United States shall dispose of the property according to law.

6. As set forth in Fed. R. Crim. P. 32.2(c)(1), no hearing to adjudicate the validity of alleged third party interests will be necessary to the extent that this Order constitutes a money judgment. In addition, to the extent that this Order constitutes a money judgment, Defendant Okojie shall be jointly and severally liable with his co-defendant, Ugochukwu Enwerem, for the money judgment.

7. Pursuant to 21 U.S.C. §§ 853(e) and (p)(3), and to the extent that any of the specifically identified property in this order remains outside of the United States, in addition to constituting an order of forfeiture this Order constitutes an order pursuant to 21 U.S.C. §§ 853(e) and (p)(3) for Defendant to cooperate with United States law enforcement to return the

$13,109,877.50 in funds to the jurisdiction of the Court, namely, to the United States Marshals Service.

 8. The Court issues this order based on the aforementioned forfeiture law and upon the following representations by the parties:

  a. Defendant, through counsel and with the full consent and cooperation of the Department of Justice and Nigerian authorities, contacted his family members and obtained three wire transfers totaling $476,614 in funds from Nigeria to the United States Marshals Service for forfeiture. The $476,614 in funds constitute proceeds of the crimes to which Defendant has pled guilty or property traceable to such proceeds.

  b. To the extent that any more specific properties subject to forfeiture are located outside of the United States, the Government will attempt to obtain transfer of the properties to the United States and, to the extent requested by United States authorities, Defendant has agreed to take all steps necessary and permissible under United States law to request the disbursement to U.S. authorities of the property.

  c. Upon the conclusion of any and all forfeiture proceedings, the U.S. Attorney's Office, Western District of North Carolina, intends to request that the Attorney General exercise his authority pursuant to 21 U.S.C. § 853(i)(1) to turn over the specifically identified property to the Court for ultimate payment to any victims of Defendant's crimes identified at the sentencing of Defendant.

The parties stipulate and agree that the aforementioned assets constitute property derived from or traceable to proceeds of Defendant's crime(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not submitted such a claim, Defendant hereby waives all right to do so.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
BENJAMIN BAIN-CREED
Special Assistant United States Attorney

_____
KENT OSERUMEN OKOJIE,
Defendant

_____
LUCKY OSHO, ESQ.
Attorney for Defendant

Signed this the 17th day of August, 2010.

_____
HON. GRAHAM C. MULLEN
UNITED STATES SENIOR DISTRICT JUDGE

4